WENTWORTH, Judge,
dissenting.
I respectfully dissent because my reading of the agency order in light of the record does not show that it declined to consider or ignored pertinent facts in denying the application, or that it collided with the cited precedent. The order references evidence as to Coral Ridge Hospital, expressly recognizes that the statutes and rules “allow for a certificate of need to be granted even if the mathematical formula is not satisfied,” and makes a determination that “no circumstances exist in this case ... sufficient to override the mathematical formula.” Although the order errs in stating unequivocally at one point that section 381.494(6)(c), Florida Statutes, does not “authorize a comparative review of the applicant against existing facilities,” I would find reconsideration unnecessary because a comparative review was ultimately accorded when the agency expressly recognized that the applicant would “serve as a research and training center ... may provide some innovations and may improve quality of care to some extent, [but] this still does not justify creating a significant surplus of beds when existing facilities are of adequate quality as evidenced by JCAH accreditation and lack of licensure prob *1350 lems.”[1] The extremely speculative nature of such a comparison was also properly noted in the order. The agency has in my opinion properly corrected the hearing officer’s application of numerical bed need methodology, and permissibly drawn a distinction between the objective standards used in that methodology and the other criteria which must also be applied, subject to the usual rules of administrative review. I would affirm, in recognition of the legislative policy and prerogatives inherent in the certification process and expressed in the order.

. Cf. sec. 395.003(7):
(7) Whenever the department finds that there has been a substantial failure to comply with the requirements established under this part or in rules promulgated hereunder, the department is authorized to ... suspend, or revoke:
[[Image here]]
(c) Licensure approval limited to ... a service, within a given premises.
The logical result of appellant’s argument with respect to Coral Ridge Hospital’s bed usage, in this collateral proceeding for additional bed authorization, is to compel a merger of HRS regulatory functions with new CON issuance functions contrary to the statutory scheme, without the presence of Coral Ridge as a party and without any protection of the public interest in proper bed usage mandated by the statute above quoted.